Model Plan  
11/22/2013

Trustee: ☐ Marshall   ☐ Meyer  
■ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | Case No. 15-11760 |
| ) | |
| **Mary Ann DeCarlo** ) | |
| ) | |
| Debtors. ) | Modified Chapter 13 Plan, dated 7/5/15 |

■ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **57**; (c) total household monthly income is $ **3,085.76**; and (d) total monthly household expenses are $ **2,825.00**, leaving $ **260.76** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. */or/*
■ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Ocwen Loan Servicing__, monthly payment, $ __1,407.66__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __260.00__ monthly for __60__ months [and $ __ monthly for an additional __ months], for total payments, during the initial plan term, of $ __15,600.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __780.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **0.00** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **2,920.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor **Ocwen Loan Servicing** , arrears of $ **9,070.58** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **9,070.58** .

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than **N/A** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

9. *Interest.* ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.** *Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.** *Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.** *Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) $ 15,600.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees $ 780.00
   (b) Current mortgage payments $ 0.00
   (c) Payments of other allowed secured claims $ 0.00
   (d) Priority payments to debtor's attorney $ 2,920.00
   (e) Payments of mortgage arrears $ 9,070.58
   (f) Payments of non-attorney priority claims $ 0.00
   (g) Payments of specially classified unsecured claims $ 0.00
   (h) Total *[add Lines 2a through 2g]* $ 12,770.58

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* $ 2,829.42

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) $ 699.33
   (b) Minimum GUC payment percentage 100 %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* $ 699.33
   (d) Estimated interest payments on unsecured claims $ 0.00
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]* $ 699.33
   (f) Payments available during initial term *[enter Line 3]* $ 2,829.42
   (g) Additional payments required *[subtract Line 4f from Line 4e]* $ -2,130.09

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee $ N/A
   (b) Months in maximum plan term after initial term N/A
   (c) Payments available *[multiply line 5a by line 5b]* $ N/A

**4**

**Section I.**  ■ A check in this box indicates that the debtor consents to immediate entry of an order directing
*Payroll*         the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of
*Control*         Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case,
                  details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   Debtor(s) [Sign only if not represented by an attorney]

_____     _____     Date _____

**Debtor's Attorney**     /s/ Paul Bach _____     Date  July 5, 2015

*Attorney Information*   Paul Bach
*(name, address,*        Sulaiman Law Group, Ltd.
*telephone, etc.)*       900 Jorie Boulevard
                         Suite 150
                         Oak Brook, IL 60523
                         630-575-8181
                         Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Debtor shall make direct payments to West Palm Beach Condominium Association for association dues related to the real property located at 33 E Honeysuckle Drive. Round Lake Beach, Illinois for as long as the Debtor holds legal title.

2. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

3. The U.S. Department of Housing and Urban Development holds a second priority mortgage on 33 E Honeysuckle Drive, Round Lake Beach, Illinois in the amount of $6,825.00 without interest. The $6,825.00 is due in one payment when the first mortgage is paid, the property is sold or the mortgagors no longer live at 33 E Honeysuckle Drive, Round Lake Beach, Illinois. Since no event has occurred the Debtor and the other borrowers as well as the Chapter 13 Trustee shall make no payment to U.S. Department of Housing and Urban Development (nor can U.S. Department of Housing and Urban Development contend such payment is due) while this Chapter 13 case is pending.

Software Copyright (c) 1996-2014  Best Case, LLC - www.bestcase.com                                                                                            Best Case Bankruptcy

```
                              United States Bankruptcy Court
                              Northern District of Illinois
In re:                                                              Case No. 15-11760-ABG
Mary Ann DeCarlo                                                    Chapter 13
          Debtor                         CERTIFICATE OF NOTICE
District/off: 0752-1            User: mgonzalez              Page 1 of 2                  Date Rcvd: Jul 06, 2015
                                Form ID: pdf003              Total Noticed: 34


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2015.
db           +Mary Ann DeCarlo,    33 E Honeysuckle Drive,    Round Lake, IL 60073-4023
23127106     +Adventist Hinsdale Hospital,    135 North Oak Street,    Hinsdale, IL 60521-3860
23127107     +Adventist LaGrange Memorial Hospital,    75 Remittance Drive, Suite 3204,
               Chicago, IL 60675-3204
23127109     +Care One Credit,    PO BOX 129,   Columbia, MD 21045-0129
23127111     +Convergent Healtcare Recoveries Inc,    124 SW Adams Street,    Suite 215,
               Peoria, IL 61602-2321
23127112     +Convergent Outsourcing, Inc,    800 SW 39th Street,    PO Box 9004,   Renton, WA 98057-9004
23127113     +Convergent Outsourcing, Inc.,    PO Box 9004,   Renton, WA 98057-9004
23127114      Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23127115     +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23127118     +Lake County Clerk,    18 North County Street, Room 101,    Waukegan, IL 60085-4340
23127121     +Merchants Credit Guide,    223 W. Jackson Boulevard,    Suite 700,   Chicago, IL 60606-6914
23127126     +Ocwen Loan Servicing,    3451 Hammond Avenue,   Waterloo, IA 50702-5345
23430334      Ocwen Loan Servicing, LLC,    Attn: Bankruptcy Dept,    P O BOX 24605,
               West Palm Beach, FL 33416-4605
23154593     +Ocwen Loan Servicing, LLC,    C/O Potestivo & Associates, P.C,    811 South Blvd, Suite 100,
               Rochester Hills, MI 48307-5359
23127127     +Ocwen Mortgage,    Attn: Bankruptcy,   P.O. Box 24738,    West Palm Beach, FL 33416-4738
23127129    ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,   NORFOLK VA 23541-1067
             (address filed with court: Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,
               Norfolk, VA 23541)
23127130      Trans Union LLC,    P.O. Box 2000,   Chester, PA 19016-2000
23216604     +U.S. Department of Housing and Urban Development,     451 7th Street S.W.,
               Washington, DC 20410-0002
23127131     +Walmart,    Asset Protection Recovery,   PO Box 101928, Dept 4295,    Birmingham, AL 35210-6928
23127132     +Walmart Stores Inc,    702 SW 8th Street,   6487,   Bentonville, AR 72716-6209
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23140171       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 07 2015 01:21:30
               American InfoSource LP as agent for,    Midland Funding LLC,    PO Box 268941,
               Oklahoma City, OK   73126-8941
23127108     +E-mail/Text: bankruptcy@cavps.com Jul 07 2015 01:25:30      Calvary Portfolio Services,
               Attention:   Bankruptcy Department,    500 Summit Lake Drive, Suite 400,
               Valhalla, NY 10595-1340
23127110     +E-mail/Text: bankruptcy@cavps.com Jul 07 2015 01:25:30      Cavalry Portfolio Services,
               500 Summit Lake Drive,    Valhalla, NY 10595-2322
23191396     +E-mail/Text: bankruptcy@cavps.com Jul 07 2015 01:25:30      Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
23127116     +E-mail/PDF: gecsedi@recoverycorp.com Jul 07 2015 01:21:18
               GE Capital Retail Consumer Finance,    1600 Summer Street,    Fifth Floor,
               Stamford, CT 06905-5125
23127117     +E-mail/PDF: gecsedi@recoverycorp.com Jul 07 2015 01:21:18      GE Money Bank Care Card,
               Po Box 960061,    Orlando, FL 32896-0061
23127119     +E-mail/Text: sdvorak@lakecountyil.gov Jul 07 2015 01:23:54      Lake County Treasurer,
               18 N. County Street,    Room 102,   Waukegan, IL 60085-4361
23127120     +E-mail/Text: bankruptcydpt@mcmcg.com Jul 07 2015 01:25:05      MCM,   Dept 12421,   PO Box 603,
               Oaks, PA 19456-0603
23127123     +E-mail/Text: bankruptcydpt@mcmcg.com Jul 07 2015 01:25:05      Midland Credit Management, Inc.,
               8875 Aero Drive Suite 200,    San Diego, CA 92123-2255
23127122     +E-mail/Text: bankruptcydpt@mcmcg.com Jul 07 2015 01:25:05      Midland Credit Management, Inc.,
               8875 Aero Drive,   San Diego, CA 92123-2255
23127124     +E-mail/Text: bankruptcydpt@mcmcg.com Jul 07 2015 01:25:05      Midland Funding,
               8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
23127125     +Fax: 407-737-5634 Jul 07 2015 02:23:52      Ocwen Loan,   1661 Worthington Road, Suite 100,
               West Palm Beach, FL 33409-6493
23430336     +Fax: 407-737-5634 Jul 07 2015 02:23:52      Ocwen Loan Servicing, LLC,
               1661 Worthington Road, Ste#100,    West Palm Beach, FL 33409-6493
23127128     +E-mail/PDF: gecsedi@recoverycorp.com Jul 07 2015 01:21:08      Old Navy,    PO BOX 960017,
               Orlando, FL 32896-0017
                                                                                              TOTAL: 14

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23127133      West Palm Beach Condominium Association
                                                                                             TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0752-1          User: mgonzalez           Page 2 of 2                   Date Rcvd: Jul 06, 2015
                              Form ID: pdf003          Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2015                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 5, 2015 at the address(es) listed below:
              Caleb  Halberg    on behalf of Creditor    OCWEN LOAN SERVICING, LLC chalberg@potestivolaw.com,
               bknotices@potestivolaw.com
              Glenn B Stearns    mcguckin_m@lisle13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Paul M Bach    on behalf of Debtor Mary Ann DeCarlo ecfbach@gmail.com,
               ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
               badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
               ress.info
                                                                                             TOTAL: 4
```